IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03198-BNB

RAMON L. FISHER,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS AND STATE EMPLOYEES BELOW,

    Defendants.

## ORDER OF DISMISSAL

On November 21, 2013, Plaintiff, Ramon L. Fisher, initiated this action by filing *pro se* a Prisoner Complaint. Plaintiff also filed a second Complaint on December 6, 2013. Each complaint is more than 130 pages long. Exhibits and other documents are intermingled throughout the complaints, including parts of a 28 U.S.C. § 1915 motion and affidavit, an account statement, correspondence from the Tenth Circuit and prison staff members, and a copy of the Docket for Case No. 12-cv-02766. These documents do not relate to the claims Plaintiff raises in the complaints. Magistrate Judge Boyd N. Boland reviewed the pleadings and directed Plaintiff to file an Amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Magistrate Judge Boland directed Plaintiff to organize the Amended Complaint in a manner that allows the Court and defendants to determine the supporting facts for each of his claims and to name proper defendants in the caption and in the A. Parties section of the prisoner complaint form. Plaintiff also was directed to state what each named defendant did to him, when the defendant did it, how the defendant's action

harmed him, and what specific legal right the defendant violated.

Plaintiff filed the Amended Complaint on January 8, 2014. The Amended Complaint is 70 pages long and lists over 100 defendants. The 70 pages were submitted to the Court in no particular order and contain duplicate pages. Again, like the two prior complaints that Plaintiff filed in this action, exhibits are intermingled throughout the pleading and the claims are rambling and repetitive. The defendants are not listed in the caption, *per se*, and Plaintiff does not include the A. Parties section of the complaint form, which he is required to do and state whether the defendant is acting under color of state law and each defendant's addresses. Plaintiff also does not include Sections B., C., E. F. And G. of the complaint form. Finally, Plaintiff does not declare that he has signed the Complaint under penalty of perjury as he is required to do in the complaint form.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."

Finally, pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "an unrepresented prisoner or party shall use the forms and procedures posted on the court's website." Plaintiff did not include all of the pages of the Court-approved form in the Amended Complaint he submitted on January 8, 2014. The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (no abuse its discretion in dismissing civil rights action without prejudice for noncompliance with local rules requiring prisoner to use court-approved form to file complaint); *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (within district court's discretion and no violation of equal protection rights to dismiss prisoner's complaint for failure to use court-approved forms pursuant to local rule); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (not abuse of district court's discretion or a constitutional violation to dismiss prisoner complaint for repeated refusal to file complaint on court-approved prisoner complaint pursuant to local court rule); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (not abuse of discretion to dismiss prisoner action where inmate failed to file habeas corpus application on proper form); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) ( failure to comply with local rule requiring *pro se* prisoners to use court-approved form to file action not nonwillful, and prisoner's failure to use required form supported dismissal of action).

Plaintiff has failed to present his claims in a short and concise format as he is required to do pursuant to Fed. R. Civ. P. 8 and has not submitted his claims on a complete Court-approved form.  Therefore, the action will be dismissed because Plaintiff has failed to comply with the December 11, 2013 Order.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with a Court order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  16th  day of   January  , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court